IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CALVIN WALKER                                                                        PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:17cv327-DPJ-FKB

JACKSON POLICE
DEPARTMENT, et al.                                                                DEFENDANTS

## REPORT AND RECOMMENDATION

Calvin Walker filed this § 1983 action while he was a pretrial detainee in the custody of Hinds County. In his complaint, he alleged that he had been wrongfully arrested on a charge of business burglary and was being illegally detained. Walker sought both money damages and "immediate release." By order dated October 31, 2018 [27], the Court directed that Walker's claim for habeas corpus be severed from the § 1983 action and a new case be opened for the assertion of the habeas claim.[1] In that same order, the Court found that neither of the named defendants could be sued under § 1983. When Plaintiff failed to name a proper defendant, the Court dismissed this action.

After the dismissal, Plaintiff wrote numerous letters to the Court concerning both this action and the related habeas case. Pursuant to the district judge's order of April 23, 2019 [37], the undersigned held a status conference on June 19, 2019, to determine, *inter alia*, whether Plaintiff was seeking reconsideration of the dismissal and, if so, whether reconsideration should be granted or whether any other action should be taken with regard to this matter.

---

[1] The habeas case is civil action no. 3:17cv327-DPJ-FKB.

During the conference, Walker testified that he has recently entered a guilty plea on the business burglary charge and has been sentenced. He is now serving his sentence in the custody of the Mississippi Department of Corrections. When questioned, Walker confirmed that the charge to which he pleaded guilty is the same charge that was the basis of the present § 1983 action. He also confirmed that his § 1983 claim was premised solely upon his allegation that he had been wrongfully arrested, charged, and detained.

A plaintiff may not recover damages under § 1983 if a judgment in his favor would necessarily imply the invalidity of an underlying criminal conviction or sentence, unless the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, it is clear that Walker's § 1983 claim is barred. For this reason, the undersigned recommends that this case remain closed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 19th day of June, 2019.

                                              s/ F. Keith Ball
                                              United States Magistrate Judge